IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

J-CREW MANAGEMENT, INC.,
*United States of America, for the use of*
*J-Crew Management, Inc.*

            Plaintiff,

v.                                                     Case No. 2:14cv127

ATLANTIC MARINE CONSTRUCTION
COMPANY, INC.

            Defendant.

### AMENDED COUNTERCLAIM

NOW COMES, Atlantic Marine Construction Company, Inc. ("AMC"), by counsel, and for its Amended Counterclaim against J-Crew Management, Inc. ("J-Crew"), states as follows:

### Parties, Jurisdiction and Venue

1. AMC is a Virginia corporation with its principal office located in Virginia Beach, Virginia.

2. J-Crew is a Texas corporation with its principal office located in Harker Heights, Texas.

3. Subject matter jurisdictions exists pursuant to 28 U.S.C. §§1332 and 1367. There is complete diversity of citizenship between AMC and J-Crew, and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

4. By subcontract agreement between the parties, this court is the appropriate venue for the resolution of the disputes stated in this Counterclaim.

## Factual Background

5. In April 2009, the United States Army Corps of Engineers ("ACOE") contracted with AMC for the construction of a child development center located in Fort Hood ("the Prime Contract). AMC thereafter entered into a subcontract agreement with J-Crew signed by J-Crew on July 29, 2010 for the provision of construction labor and materials in connection with the Prime Contract ("the Subcontract"), incorporating the Prime Contract with Addenda and Modifications to the Subcontract. A true and accurate copy of the Subcontract is attached as Exhibit A.

6. Upon timely and proper completion of J-Crew's obligations under the Subcontract, J-Crew would be entitled to progress payments totaling $996,592.12. That total payment, however, was made expressly subject to additions and deductions as provided in the Subcontract. AMC and J-Crew mutually agreed to several changes to the Scope of Work in the Subcontract, which resulted in a net increase of $6,923.00 to the total of the Subcontract value to $1,003,515.12, assuming J-Crew complied with its obligations under the Subcontract.

7. Time was of the essence for J-Crew's performance of the Subcontract work on the Project.

8. AMC paid J-Crew directly for progress payments relating to performance of the Subcontract work $832,282.32.

9. J-Crew failed and refused to complete its work in a timely manner.

10. AMC provided repeated written notice to J-Crew beginning on December 27, 2010 that J-Crew was in default of its subcontract obligations for its failure to have sufficient manpower and failure to make adequate progress causing delay to the project.

11. J-Crew failed and refused to take corrective action to increase its performance and complete its work in a timely manner.

12. AMC provided notice on September 6, 2011 that it would supplement J-Crew's forces for the completion of J-Crew's scope of work.

13. On or about September 30, 2011, J-Crew abandoned the Project without completing its Scope of Work required by the Subcontract.

14. J-Crew failed to perform its work in a satisfactory manner or in a manner required by the Subcontract, including the Project plans and specifications, leaving AMC to repair, replace or correct its deficient work.

15. During the course of performance of the Prime Contract, AMC became aware and had reason to believe that J-Crew failed to pay labor, material or other obligations necessary for the performance of J-Crew's work required by the Subcontract.

16. J-Crew falsely executed lien waivers representing that it had paid its material suppliers and sub-contractors on the Project with funds paid to it by AMC.

17. J-Crew failed to make full payment to those providing labor or materials to the Project on its behalf from funds paid to it by AMC.

18. J-Crew refused to deliver to the Project materials it had ordered and received, leaving AMC to re-order and effectively pay twice for the same Project materials.

19. J-Crew failed to identify in its lien waivers all entities that had performed labor or provided equipment or materials for its benefit to the Project, resulting in claims of non-payment by J-Crew subcontractors previously unknown to AMC.

20. AMC made joint check payments to J-Crew's vendor, Architectural Division 8, with J-Crew's consent, in the amount of $15,584.51.

21. In addition, AMC paid $8,000.00 to J-Crew's subcontractor, Pace Painting, and $25,846.13 to J-Crew's subcontractor, Norman Woodworks for amounts it had already paid to J-Crew, but J-Crew had failed to pay to its each of these sub-subcontractors.

22. AMC incurred significant cost to procure materials, repair, replace or correct J-Crew's deficient work, or otherwise complete J-Crew's scope of work. Such costs exceeded the remaining balance of the Subcontract balance. In addition, by the terms of the Subcontract, AMC is entitled to its overhead and profit on such costs expended by AMC.

23. J-Crew's actions caused significant delay to the Prime Contract of not less than 160 days.

24. As a direct result of J-Crew's actions, The ACOE assessed liquidated damages against AMC at the rate of $781 per day, which were only reduced upon AMC's agreement to perform additional work on another ACOE project at no additional cost.

25. J-Crew's delay of the Project caused AMC to incur $124,960 in liquidated damages assessed by ACOE in the form of free work added to another ACOE project.

26. As provided in Paragraph 14 of the Subcontract, AMC has the right to apportion and assess any delay damages suffered by AMC, including those imposed by the ACOE, upon J-Crew as a result of J-Crew's actions or inactions that delay the project.

27. J-Crew's delay and abandonment of the Project caused AMC to incur extended field office overhead damages, extended liability insurance costs, unabsorbed home office overhead damages all of which it is entitled to recover as damages from J-Crew as provided in Paragraph 20 of the Subcontract.

28. As provided in the Paragraph 12(c) of the Subcontract, AMC is entitled to recover its attorney's fees, costs and expenses incurred in any litigation between the parties.

29. Moreover, despite the express terms of the Subcontract providing for this Court or the Circuit Court for the City of Virginia Beach as the only appropriate venue for a dispute between the parties, J-Crew willfully and materially breached the Subcontract by filing its complaint against AMC in the United States District Court for the Northern District of Texas. AMC incurred substantial attorney's fees, costs and expenses to enforce the contractually required venue provision, resulting in a favorable opinion by the Supreme Court of the United States and the transfer of this matter to this Court.

30. To date, and not including the attorney's fees, costs and expenses of this litigation, AMC has incurred damages as follows:

| | | | |
|---|---|---|---|
| a. | Amended Subcontract Value: | $1,003,515.12 | |
| b. | Direct Payments to J-Crew: | $ 832,282.32 | |
| c. | Joint Check Payments: | $ 15,584.51 | |
| d. | Subcontract Balance: | $ 155,648.29 | |
| e. | Payments to J-Crew Vendors: | $ 64,504.13 | |
| | i. Pace Painting: | | $ 8,000.00 |
| | ii. Norman Woodworks: | | $25,846.13 |
| | iii. Newman Sports Flooring: | | $16,000.00 |
| | iv. Ponder: | | $14,658.00 |
| f. | Payments for Supplemental Forces to correct and complete J-Crew's Scope of Work: | $ 113,042.00 | |
| | i. Silverleaf: | | $100,292.00 |
| | ii. V&R Drywall: | | $12,750.00 |
| g. | Total Correction and Completion Costs less Subcontract Balance: | $ 21,897.84 | |
| h. | Extended Field Overhead – 160 days | $ 166,404.80 | |
| i. | AMC Field Damages: | $ 188,302.64 | |
| j. | Extended General Liability Insurance (2%): | $ 3,766.05 | |
| k. | Subtotal: | $ 192,068.69 | |
| l. | Overhead Costs (9.5%): | $ 18,246.53 | |
| m. | Subtotal: | $ 210,315.22 | |
| n. | Profit (4%): | $ 8,412.61 | |
| o. | Subtotal: | $ 218,727.83 | |

**Amended Counterclaim**

Page 5

|     |     |     |     |
| --- | --- | --- | --- |
| p. | Liquidated damages (160 days): | $ 124,960.00 | |
| q. | **TOTAL PROJECT DAMAGES:** | **$ 343,687.83** | |
| r. | Project Performance Litigation Damages: | $  TBD | |
| s. | Contractual Venue Litigation Damages: | **$ 188,594.59** | |
|    | i.  Vandeventer Black LLP: |  | $ 32,982.39 |
|    | ii. Locke Lorde: |  | $155,612.59 |
| **t.** | **Minimum Damages To Date:** | **$532,282.42** | |

31. Additionally, suppliers and subcontractors of J-Crew have asserted claims against AMC and its bond, which remain unresolved. Any amounts paid by AMC to resolve such claims would increase its damages as a result of J-Crew's breaches of the Subcontract.

32. All conditions precedent to the maintenance of this action have occurred or have been satisfied.

### COUNT I: BREACH OF CONTRACT (Performance)

33. AMC restates and incorporates by reference each of the foregoing allegations.

34. J-Crew materially breached the Subcontract for the reasons set forth above, including but not limited to its failure to adequately and timely complete its scope of work, its failure to cure its work after notice by AMC, its failure to correctly complete its work in accordance with the Subcontract and project plans and specifications, its failure to make payment to its subcontractors and suppliers from amounts paid to it by AMC, its submittal of false and incomplete lien waivers, its refusal to deliver Project materials and its abandonment of its work and Subcontract obligations.

35. J-Crew's material breaches of the Subcontract directly caused AMC to incur damages as set forth above in the amount of **$343,687.83**, plus attorney's fees costs and expenses as provided in the Subcontract.

36. J-Crew is liable to AMC for the damages caused by its material breaches of the Subcontract.

**Amended Counterclaim**

## COUNT II: BREACH OF CONTRACT (Incorrect Venue)

37. AMC restates and incorporates by reference each of the foregoing allegations.

38. J-Crew materially breached its Subcontract obligations when it ignored the provisions of Article 12 of the Subcontract entitled Claims and Disputes by electing to file suit against AMC in the United States District Court for the Northern District of Texas.

39. As a direct result of J-Crew's material breach of contract, AMC had to incur costs and fees to enforce the venue provision of the Subcontract, resulting in an opinion in AMC's favor from the Supreme Court of the United States.

40. J-Crew is liable to AMC for the fees and costs, totaling **$188,594.59** it incurred as a result of J-Crew's improper filing.

## COUNT III: ATTORNEY'S FEES AND COSTS

41. AMC restates and incorporates by reference each of the foregoing allegations.

42. Article 12(c) of the Subcontract provides that "AMC will be entitled to recover all costs incurred in any litigation or arbitration between the parties, including but not limited to, its attorney fees."

43. Accordingly, AMC is entitled to an award of its entire attorney fees and costs incurred as a result of this litigation, in an amount to be proven at trial.

WHEREFORE, Atlantic Marine Construction, Inc., by counsel, for the reasons stated in this Counterclaim and as may be proved at trial requests that the Court grant judgment in its favor and against J-Crew in the amount of **$532,282.42**, plus attorney's fees, costs and expenses, pre- and post-judgment interest and for such other and further relief as the court finds appropriate.

ATLANTIC MARINE CONSTRUCTION
COMPANY, INC.

**Amended Counterclaim**

Page 7

                    /s/ James R. Harvey
                    Of Counsel

James R. Harvey, III (VA Bar #40726)
Vandeventer Black LLP
101 W. Main Street, Suite 500
Norfolk, VA 23510
Telephone: (757) 446-8600
Facsimile: (757) 446-8670
jharvey@vanblk.com
*Attorney for Plaintiff*
*Atlantic Marine Construction Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, December 31, 2014, the foregoing pleading has been forwarded by electronic mail and ECF notice to the following counsel of record:

        Vivian Katsantonis
        Christopher M. Harris
        Watt, Tieder, Hoffar & Fitzgerald, LLP
        8405 Greensboro Dr., Suite 100
        McLean, VA 22102
        vkatsant@wthf.com
        charris@wthf.com

                    /s/ James R. Harvey
                    Of Counsel

*4812-6756-7648, v. 2*